Matter of Jason M. (Joshua M.) (2020 NY Slip Op 01782)





Matter of Jason M. (Joshua M.)


2020 NY Slip Op 01782


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


234 CAF 18-01898

[*1]IN THE MATTER OF JASON M.  ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
JOSHUA M., RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered September 24, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred the custody and guardianship of the subject child to petitioner. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the finding of permanent neglect, and the order is affirmed without costs.
Memorandum: In appeal Nos. 2, 3, and 4, respondent father appeals from three orders, each of which terminated his parental rights with respect to a specific child. Although the orders were entered on default given the father's failure to appear at the dispositional hearing and "[n]o appeal lies from an order entered upon the default of the appealing party" (Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]), his appeals nevertheless bring up for review any issue that was subject to contest in the proceedings below, i.e., Family Court's fact-finding determination (see id.). On the merits, we reject the father's contention that petitioner failed in its duty to make diligent efforts to encourage and strengthen his relationships with the subject children during the relevant time period (see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1500 [4th Dept 2015]). We therefore affirm the order in each appeal.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court